UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Rosario Francisco, *et al.*, | |
| Plaintiffs, | 3:14-cv-8111 JWS |
| vs. | ORDER AND OPINION |
| State Farm Mutual Automobile Insurance Company, *et al.*, | [Re: Motion at Docket 62] |
| Defendants. | |

## I.  MOTION PRESENTED

At docket 62 defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for an order compelling plaintiffs Maria Rosario Francisco and Catarino Celestino Francisco ("Plaintiffs'") to respond to State Farm's Second Set of Interrogatories and Second Set of Requests for Production of Documents.  Counsel for State Farm has filed the required certificate of consultation at docket 62-1.  Plaintiffs respond at docket 64.  State Farm replies at docket 67.  Oral argument was requested but would not assist the court.

## II.  BACKGROUND

The court has described the background giving rise to this litigation in detail in the order at docket 69.  Suffice it to say for present purposes that Plaintiffs are trying to recover money from State Farm pursuant to an underinsured motorist clause in their State Farm insurance policy in excess of the policy limit payment received from the insurance company for the driver of the other auto involved in a 2008 auto accident.  The other driver's policy limit was very substantially less than the amount of the default judgment Plaintiff's obtained against the other driver.  Among other things, that judgment includes a finding that Maria Francisco's injuries have cost her a projected income loss of $423,800 from her tamale making business.[1]  The motion at bar arises from State Farm's attempt to obtain information relating to the extent of Plaintiffs' damages.

## III.  DISCUSSION

Copies of the Second Set of Interrogatories and Second Set of Requests for Admission are found at docket 62-1.  State Farm contends that Plaintiffs have simply not responded to these discovery requests.  Plaintiffs do not deny that they have not responded to the specific discovery requests.  Instead, they point to an email chain of communications between counsel and various items referenced therein.

Plaintiffs' communications making rather vague reference to materials available is insufficient to comply with the applicable provisions of the Federal Rules of Civil Procedure governing how a litigant must respond to written interrogatories.  Rule 33(b)

---

[1] Doc. 36-1 at 11.

provides: "Each interrogatory must, to the extent not objected to, be answered separately and fully in writing under oath." Plaintiffs have not done this.

With respect to the requests for production, State Farm's complaint is that Plaintiffs response "did not include any financial or business information related to Plaintffs' tamale making business."[2] Plaintiffs do not contend otherwise in their response. Rather, they refer to communications that refer to the contents of a CD containing unidentified "disclosure documents" and unidentified bank statements and tax returns. This is too imprecise. What, if anything, in these materials relates to the tamale making business is not explained. If there is information that pertains to income from the tamale business in the materials provided, Plaintiffs must identify it so that it can be reviewed and assessed.

State Farm also seeks an award of attorneys' fees. Rule 37(a) (5) provides that where a discovery motion of the sort at bar is granted, the court must (with exceptions not pertinent here) require the recalcitrant party to pay the moving party's reasonable expenses, including attorneys' fees.

## IV.  CONCLUSION

Based on the preceding discussion, State Farm's motion at docket 62 is **GRANTED** as follows: Plaintiffs shall fully respond to State Farm's Second Set of Interrogatories and State Farm's Second Set of Request for Production within 14 days from the date of this order; and Plaintiff's shall pay State Farm's reasonable attorneys' fees in bringing the motion at docket 62. If the parties cannot stipulate to an amount to

---

[2]Doc. 62 at 6.

be paid to State Farm by Plaintiffs, then within 14 days from the date of this order, State Farm shall file a properly supported motion for reasonable fees, and Plaintiffs shall respond within 7 days after the motion is filed.  No reply may be filed unless requested by the court.

DATED this 24th day of August 2015.

                    /s/    JOHN W. SEDWICK
                SENIOR UNITED STATES DISTRICT JUDGE